RULEY, JUDGE:
Paramount Pacific, Inc., was the general contractor for the construction of a bridge on Interstate Route 77 in Mercer County. Pauley Paving Co., Inc., as a subcontractor, paved the bridge deck in June, 1972. The respondent, acting under Section 1.5.9 of the Specifications, subsequently required the removal and replacement of a section of the deck because the concrete used in it did not meet specifications. The claimant asserts that the concrete did meet specifications, that the respondent’s action was arbitrary and unlawful or that, at most, must less expensive corrective action should have been required. The amount of the claim is $81,460.03 that being Pauley’s computation of the cost of removal and replacement.
*136 According to the evidence, Pauly utilized a conveyor 200 feet long and had planned to pour the deck in a single day beginning at the farthest point and working back to the nearest, removing sections of the conveyor as progress was made. The designated day was June 6, 1972, a day marked by what hopefully is an uncommon syndrome or combination of problems. Although there is some conflict in the evidence as to just what happened or who said what to whom at the job site that day, it is certain that the concrete which was used was too dry. Richard Welsh, Pauley’s foreman, testified that it could not be vibrated into position because it was too stiff. When the finishing machine encountered it, it raised the wheels of the machine off its tracks rendering the machine useless. Finally, the concrete crew raked the concrete down by hand and, putting water on the surface (a practice unanimously acknowledged to be undesirable), finished it manually. Needless to say, none of those things should have happened. And, for good measure, after the conveyor broke down, it began to rain. A distance of only 43 feet was poured that day. The remainder of the deck was poured on June 12 and 13,1972. The same problems were encountered in the second pour on June 12 until an adjustment was made in the water content of the concrete. Within thirty-six hours after it was poured, cracks appeared in the affected portion of the deck. A suspected “cold joint” (an unplanned and unspecified horizontal joint between two placements of concrete) in the first day’s pour later was proved to exist by core borings. There also was evidence of deficient cement content and excessive water-cement ratio at various places in the concrete which was removed.
During the trial, it was conceded by Pauley that the amount of its claim should be reduced by the cost of replacing a 12’ x 12’ area occupied by the cold joint (estimated at approximately $2,000.00) and by the cost of scoring or grooving the surface area which had been watered (710 square yards at $4.00 per yard). It also was agreed that the sum of $81,460.03 inadvertently had included $2,385.49 for extra work for which Pauley had been paid. In addition, that sum included a charge for idle equipment (a crane, a back hoe and a pick-up truck) and, for overhead, taxes, etc., an addition of 30% on labor, 20% on materials and 10% on equipment was included.
Although Mr. Welsh initially undertook to place the blame for the concrete problems upon the refusal of respondent’s engineer, Michael Ward, to permit the addition of water to the concrete up to *137 the limit allowed by the specifications, after Mr. Ward testified postively to the contrary, Mr. Welsh testified that he could not deny that Mr. Ward had advised him that water up to the maximum amount allowable could be 'added to each truckload of concrete. And he added, poignantly:
“There was so much conversation going on that day, and when the concrete came so dry there was a lot of excitement. In fact, everybody was pretty well in turmoil.”
Under Section 1.5.7 of the Specifications, no action by a state inspector (be he engineer or otherwise) can relieve a contractor of his duty to perform his work in accordance with plans and specifications. And, under Section 1.5.9, removal and replacement of defective work or material properly can be required. In view of all of the evidence, in this case, the Court cannot find that the respondent acted either arbitrarily or unlawfully. Accordingly, this claim must be denied.
Claim disallowed.